UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| TURNER A. GOODWIN,<br>    No. 503549 | )<br>)<br>) |
|     Plaintiff, | )   No. 3:16-1347<br>)   Judge Trauger |
| v. | )<br>) |
| DARON HALL, *et al.*, | )<br>) |
|     Defendants. | ) |

### M E M O R A N D U M

Plaintiff Turner A. Goodwin, proceeding *pro se* and *in forma pauperis*, is a pre-trial detainee currently in the custody of the Davidson County Sheriff's Office in Nashville, Tennessee. He brings this *pro se* action under 42 U.S.C. § 1983. (Docket No. 1).

The plaintiff's complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, and 42 U.S.C. § 1997e.

**I.     PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007),

"governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

Although *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with *pro se* complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## II.     Section 1983 Standard

The plaintiff brings his claim pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under § 1983, the plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor,* 316 F.3d 584, 590 (6th Cir. 2003); 42 U.S.C. § 1983.

**III.    Screening of the Complaint**

The complaint alleges that, on June 25, 2015, the plaintiff was attacked, beaten, and robbed by four other pre-trial detainees in the custody of the Davidson County Sheriff. He alleges that the incident would not have occurred if officer Samantha Hill had been at her post to prevent it. The complaint further alleges that, after the beating, staff provided him with ice and Tylenol, but refused to provide him with additional treatment. The plaintiff was reclassified and moved to another location within the same facility.

According to the complaint, five months later, friends of the four detainees who assaulted the plaintiff in June 2015 attacked the petitioner and assaulted him. Again, the plaintiff was relocated to another location within the same facility. The complaint alleges that the plaintiff has suffered physical pain and severe mental anguish as a result of these two incidents. The complaint names Daron Hall, Chris Brown, Pamela Hale, Parrish Denton, Lieutenant f/n/u Lovell, and Samantha Hill as defendants.

A review of the court's records shows that, on August 24, 2014, the plaintiff brought an action against the Davidson County Sheriff's Office, the Hill Detention Center, Samantha Hill, Quintel Hudson, Lamante Thompson, Adarius Fraizer, and Damonta Meneese alleging many of the same facts as those raised in the instant complaint. *See Turner Alexander Goodwin v. Davidson County Sheriff's Office*, No. 3:15-cv-00927 (M.D. Tenn. 2015)(Sharp, J.). On September 1, 2015, the court dismissed that action with prejudice for failure to state claims upon which relief can be granted as to all defendants. (*Id.*, Docket Nos. 3 and 4).

The broad doctrine of *res judicata* encompasses both claim preclusion (*res judicata*) and issue preclusion (collateral estoppel). *J.Z.G. Res., Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir.

1996). Under claim preclusion, a final judgment on the merits bars any and all claims by the parties or their privies based on the same cause of action, as to every matter actually litigated, as well as every theory of recovery that could have been presented. *Id*. Under issue preclusion, once an issue actually is determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action when used against any party to the prior litigation. *Montana v. United States*, 440 U.S. 147, 152-54 (1979). Dismissal with prejudice is considered a final judgment on the merits for purposes of *res judicata*. *See Haddad v. Mich. Nat'l Corp.*, 34 Fed. Appx. 217, 218 (6th Cir. 2002)(citing *Matter of W. Tex. Mktg. Corp.*, 12 F.3d 487, 501 (5th Cir. 1994)).

After reviewing the plaintiff's instant complaint, it appears that the plaintiff has restated the same or similar allegations stemming from his alleged attack by other detainees in June 2015. As to defendant Samantha Hill, the court has already rendered a final decision on the merits regarding the plaintiff's claims. As a result, the instant claims are barred by the doctrine of *res judicata*. Additionally, all theories of recovery related to the June 2015 incident that could have been presented to the court in the plaintiff's prior lawsuit, such as the plaintiff's federal claims against Daron Hall, Chris Brown, Pamela Hale, Parrish Denton, and Lt. f/n/u Lovell, are barred by the doctrine of *res judicata*.

The plaintiff's claims concerning the second assault that allegedly occurred in or around October 2015 are not barred by the doctrine of *res judicata*. However, those allegations, even if taken as true for purposes of the required PLRA screening, fail to state a § 1983 claim against any of the named defendants. There is no basis for finding that the plaintiff's October 2015 attackers were acting under color of state law. The complaint does not allege that any of the named

4

defendants were involved in any way with the second attack.[1] To the extent that the complaint alleges that these defendants failed to protect the plaintiff from the second attack, a prison official may be held liable only for acting with deliberate indifference to inmate health or safety. A showing of deliberate indifference requires proof that the official knew that the inmate faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate it. *Farmer v. Brennan,* 411 U.S. 825, 834 (1994). Deliberate indifference is a higher standard than negligence and requires that the official knew of and disregarded an excessive risk to inmate health or safety; "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Here, to the extent that the complaint alleges culpability on the part of any named defendant with regard to the October 2015 attack, the complaint only alleges negligence. The complaint does not allege that any defendant was aware that the plaintiff was at risk and deliberately ignored such a risk. Instead, the complaint alleges that, after the first attack, staff reclassified the plaintiff and relocated him to a different location known as HG2, presumably for his safety and security. Later, the plaintiff was moved again to yet a different location (H Pod) and, immediately after the second attack, the plaintiff was moved to E Pod for one day and then ultimately transferred from the Hill Detention Center to the Davidson County Criminal Justice Center. There are no allegations in the complaint that the plaintiff knew that he was being threatened by friends of his June 2015 attackers, or that any defendant was aware of such a threat. The complaint thus fails to satisfy the § 1983 standard for deliberate indifference to the plaintiff's safety.

---

[1] The complaint alleges that "Respondents Hall, Brown, Hale, Denton, Hill and Lovell are all liable for the brutal assault that occurred at the Hill Detention Center on June 25, 2015." (Docket No. 1 at p. 9).

**IV.     Conclusion**

For these reasons, the court finds that the plaintiff's complaint fails the PLRA initial screening. 28 U.S.C. § 1915A. The claims pertaining to the June 2015 attack are barred by the doctrine of *res judicata*, and the claims pertaining to the October 2015 attack fail to state a claim upon which relief can be granted. In the absence of an actionable claim, the court is obliged to dismiss the complaint *sua sponte*. 28 U.S.C. § 1915(e)(2). Accordingly, the plaintiff's complaint will be dismissed with prejudice.

An appropriate Order will be entered.

Aleta A. Trauger
United States District Judge